**MARGOLIS EDELSTEIN**
Michael R. Miller (PA Bar # 306904)
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106
215-922-1100
mmiller@margolisedelstein.com
Alyssa Spadel (PA Bar # 336011)
aspadel@margolisedelstein.com
*Attorney for HMP Education, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HMP EDUCATION, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>WEBSERV PRO; HIGH PURPOSE RECOVERY, LLC; AND WREN GOOLSBY, *in his individual capacity*.<br><br>*Defendants*. | **Civil Action**<br><br>**Case No.: 2:26-cv-4308** |

Plaintiff, HMP Education, LLC ("Plaintiff" or "HMP"), by its undersigned attorney, for its Complaint for Relief against Defendants Werbserv Pro ("Webserv"), High Purpose Recovery, LLC ("HPR"), and Wren Goolsby, *in his individual capacity* (collectively "Defendants"), states and alleges as follows:

### THE NATURE OF THE ACTION

1.     This matter arises out of, among other things, Defendants' infringement of HMP's branding, logo and community events in order to solicit consumers from Plaintiff to their own events.

2.      Plaintiff seeks damages, including treble damages and attorneys' fees for willfulness, pursuant to 15 U.S.C. § 1117 and § 1125, against Defendants for its unlawful use of HMP's branding and logo related to its "WEST COAST SYMPOSIUM," and formatives thereof, and from unfairly competing with Plaintiff and diluting the distinctiveness of Plaintiff's well known branding of the "WEST COAST SYMPOSIUM," and formatives thereof, and from hosting replicated events in close temporal proximity to Plaintiff to intentionally deter consumers to their event.

## PARTIES

3.      Upon information and belief, Defendant Webserv Pro resides in Irvine, California, is a corporation organized under the laws of the State of California and has a principal place of business at 32 Discovery #130, Irvine, California 92618.

4.      Upon information and belief, Defendant High Purpose Recovery, LLC resides in Huntington Beach, California, is a corporation organized under the laws of the State of California and has a principal place of business at 8821 Anthony Drive, Huntington Beach, California 92647.

5.      Upon information and belief, Defendant Wren Goolsby resides in California.

6.      Plaintiff HMP Education, LLC is a limited liability company organized and existing under the laws of the State of Delaware and maintains a principal place of business at 70 East Swedesford Road, Suite 100, Malvern, Pennsylvania 19355.

7.      HMP, through its brands and subsidiaries, has national ties throughout the United States.

2

**JURISDICTION AND VENUE**

8. This action arises under the provisions of the Lanham Trademark Act of 1946, Title 15, United States Code, Section 1501, *et seq.*; Copyright Infringement, Title 17, United States Code, Section 501, *et seq.*; and the Pennsylvania Uniform Trade Secret Acts, 12 Pa. Cons. Stat. §§ 5301, *et seq.*

9. This Court has jurisdiction under these claims under, *inter alia*, the provisions of Sections 1331 and 1338 of Title 28, United States Code; Section 1121 of Title 15, United States Code; Section 1367 of Title 28, United States Code; and Diversity of Citizenship under Title 28, United States Code, Section 1332. The amount in controversy is in excess of $75,000 exclusive of interests and costs.

10. Upon information and belief, Defendants have transacted and/or transacts business within the State of Pennsylvania by, *inter alia*, by advertising in Pennsylvania, marketing in Pennsylvania, soliciting consumers in Pennsylvania, serving consumers from Pennsylvania, causing harm to Plaintiff that was suffered within Pennsylvania, and otherwise doing business in the State of Pennsylvania and in this judicial district.

11. Venue is proper in this District under, *inter alia*, the provisions of Section 1391 of Title 28, United States Code.

**FACTUAL BACKGROUND**

12. Plaintiff owns a trademark in "WEST COAST SYMPOSIUM," which is linked to Serial Number 90776794, and Registration Number 6881665.

13. Additionally, Plaintiff owns a trademark in "WEST COAST SYMPOSIUM ON ADDICTION DISORDERS," which is linked to Serial Number 90521178, and Registration Number 6643229.

14. The West Coast Symposium is a conference hosted annually by HMP, which specifically caters to mental health practitioners who practice with those individuals that suffer from addictive disorders.

15. Defendant Webserv has participated as a Sponsor of the West Coast Symposium in prior years, foregoing its sponsorship for this past year's conference.

16. The West Coast Symposium hosts a golf tournament on an annual basis that is part of this symposium, at a small cost to participants, located in Palm Springs, California.

17. This event took place from May 28, 2026 to May 30, 2026.

18. Webserv is a corporation which provides behavioral health marketing for over two hundred (200) treatment centers nationwide.

19. For the purpose of encouraging participants to sign up at its own event, Webserv posted the following on its website:



20. Specifically, Webserv used the language "[h]osted alongside…West Coast Symposium," indicating HMP is affiliated with Webserv, which is unequivocally false and composed with the intent to deceive.

4

21. Upon information and belief, Webserv marketed their hosting of a golf tournament for those mental health practitioners that work with individuals who suffer from addictive disorders, in close geographical and temporal proximity to the West Coast Symposium.

22. Upon information and belief, Webserv's golf tournament was free for consumers in an attempt to circumvent participants from HMP's golf tournament.

23. HPR is an organization that works with those individuals who suffer from addictive disorders.

24. Defendant Goolsby is the co-founder of HPR, and also a vendor of Webserv as a Business Development Specialist.

25. Additionally, HPR through Defendant Goolsby, marketed a Pickleball Tournament using HMP's "WEST COAST SYMPOSIUM" branding, as can be seen here:



26. The mark listed within the advertisement, is the intellectual property of HMP was intentionally used by HPR and Defendant Goolsby to gain interest from consumers due to their familiarity with the branding of "WEST COAST SYMPOSIUM."

27. Webserv was aware that Defendant Goolsby and HPR intended to host a pickleball tournament.

28. Defendants promoted the pickleball tournament through the unlawful use of HMP's branding for the purpose of gaining interest.

29. HMP became aware of the unlawful infringement of Defendants on or about May 19, 2026.

30. On or about May 21, 2026,  HMP provided Defendant Webserv a cease-and-desist letter to request Defendant Webserv immediately cease unlawful use of HMP's "WEST COAST SYMPOSIUM" branding through its vendor, as well as to immediately cease the golf tournament that created unfair competition through its geographic and temporal proximity to Plaintiff's golf tournament.

31. On or about May 26, 2026, Defendant Webserv responded advising it will move forward with its golf tournament.

32. Defendants advised the pickleball tournament was to be cancelled and advised the social media post that included unlawful advertising had been removed.

33. On or about May 28, 2026, HMP provided Defendants HPR and Goolsby with a cease-and-desist, advising such use of Plaintiff's marks is unlawful.

34. On or about May 28, 2026, Defendants HPR and Goolsby responded to the cease-and-desist, admitting knowledge that such use of HMP's mark was unlawful. (See Exhibit A).

## COUNT I

### Trademark Infringement in Violation of 15 U.S.C. §§ 1051, *et seq.*
### (Against All Defendants)

35. The allegations set forth in the preceding paragraphs are incorporated herein by reference as though set forth in full.

36. Plaintiff is the owner of all rights, titles, and interest in and to its trademarks in "WEST COAST SYMPOSIUM" and "WEST COAST SYMPOSIUM ON ADDICTION DISORDERS."

37.     Plaintiff has never authorized, licensed, or otherwise permitted Defendants to manufacture, display, distribute, sell, or otherwise make use of any of Plaintiff's trademarks.

38.     Defendants have copied, displayed, and distributed Plaintiff's trademarks by displaying "WEST COAST SYMPOSIUM" on their website, and including the branding of such conference on an advertisement for a pickleball tournament.

39.     Through Defendants' unlawful use of such marks, Defendants solicited consumers to their events without proper descriptions and disclaimers that advised the events were not affiliated with HMP and its West Coast Symposium.

40.     As a direct and proximate result of Defendants' unauthorized use of Plaintiff's mark, Plaintiff has suffered damages to its valuable trademarked logos and branding, and other damages in an amount to be proved at trial.

41.     Defendants have realized unjust profits, gains, and advantages as a proximate result of their infringement.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants and grant it the maximum relief allowed by law.

## <u>COUNT II</u>

**Copyright Infringement in Violation of 17 U.S.C. §§ 501, *et seq.*
(Against All Defendants)**

42.     The allegations set forth in the preceding paragraphs are incorporated herein by reference as though set forth in full.

43.     Plaintiff is the owner of all rights, titles and interest in and to its copyrighted works.

44.     Plaintiff has never authorized, licensed, or otherwise permitted Defendants to manufacture, display, distribute, sell, or otherwise make use of any of Plaintiff's copyrights.

7

45.    Defendants have copied, displayed, and distributed Plaintiff's copyrights by displaying the branding associated with "WEST COAST SYMPOSIUM," for the purpose of increasing their participation through consumer's familiarity with the branding of Plaintiff's conference.

46.    As a direct and proximate result of Defendants' unauthorized use of Plaintiff's works, Plaintiff has suffered damages to its valuable copyrighted logos and branding, and other damages in an amount to be proved at trial.

47.    Defendants have realized unjust profits, gains, and advantages as a proximate result of their infringement.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants and grant it the maximum relief allowed by law.

## COUNT III

**Pennsylvania Uniform Trade Secret Acts, 12 Pa. Cons. Stat. §§ 5301, *et seq*.**
**(Against all Defendants)**

48.    The allegations set forth in the preceding paragraphs are incorporated herein by reference as though set forth in full.

49.    Plaintiff hosts its annual conference, the West Coast Symposium, which includes a golf tournament that is well-known among industry personnel and consumers.

50.    Plaintiff's conference has specific branding and logo, which now industry personnel and consumers associate with the conference and the golf tournament.

51.    In a collective effort to gain consumers from Plaintiff's consumer base, Defendants used the branding and logo of the West Coast Symposium to appeal to Plaintiff's consumer base.

52. Specifically, Defendant Webserv hosted an identical golf tournament that was in close temporal and geographical proximity to Plaintiff.

53. Specifically, Defendant HPR and Goolsby intended to host a pickleball tournament by using Plaintiff's branding and logo during the time the West Coast Symposium was held to engage participants from the same consumer base.

54. Defendant Webserv refrained from a sponsorship for this past year's West Coast Symposium, instead hosting its own identical event.

55. Defendants did this with the intent to solicit Plaintiff's consumers to their events, by gaining their attention through the prestige of Plaintiff's conference and branding for such conference.

56. As a direct and proximate result of Defendants' unauthorized use of Plaintiff's works, Plaintiff has suffered damages to its valuable copyrighted logos and branding, and other damages in an amount to be proved at trial.

57. Defendants have realized unjust profits, gains, and advantages as a proximate result of their infringement.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants and grant it the maximum relief allowed by law.

## COUNT IV

**Federal Unfair Competition, 15 U.S.C. §1125(a),** *et seq.*
**(Against Defendant Webserv)**

58. The allegations set forth in the preceding paragraphs are incorporated herein by reference as though set forth in full.

59. Defendant Webserv unlawfully advertised its golf tournament was hosted alongside the "WEST COAST SYMPOSIUM," insinuating the organizations were working together, which was unequivocally incorrect, as no relationship exists.

60. Upon information and belief, Defendant Webserv's golf tournament was hosted in the same, overlapping and/or close geographical and temporal proximity wherein "WEST COAST SYMPOSIUM" hosted a golf tournament.

61. Defendant Webserv's conduct in essentially copying, duplicating and imitating the well-known conference, "WEST COAST SYMPOSIUM," constitutes unfair competition as it is an attempt to increase consumers of its own event from attending Plaintiff's event.

62. Defendant Webserv's copying, duplication and imitation of Plaintiff's well-known name and servicemark, "WEST COAST SYMPOSIUM," without proper authorization is a false designation of origin, and a deceptive or false representation as to the source or affiliation of Defendant Webserv's golf tournament, so that the consumer base and others would mistakenly believe that Plaintiff was affiliated with Defendant Webserv.

63. Defendant Webserv's use of "WEST COAST SYMPOSIUM," is likely to cause confusion and mistake as to the business relationship between the entities, as well as the sponsorship of both golf tournament events, and such use of "WEST COAST SYMPOSIUM," by Defendant Webserv constitutes a false representation as to the source or affiliation of said services and a false designation or origin, in violation of § 43(a) of the Lanham Act.

64. Because of HMP's extensive nationwide promotion and rendering of the conference to consumers from across the nation, offered and provided under its name and mark "WEST COAST SYMPOSIUM," and the valuable goodwill and reputation afforded its name and mark "WEST COAST SYMPOSIUM," by the public at large.

10

65. By reason of Defendant Webserv's acts, Plaintiff's rights under 15 U.S.C. §1125(a) have been violated. Defendant's acts have caused damage and injury to Plaintiff's business and goodwill.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendant and grant it the maximum relief allowed by law.

## COUNT V

### Trademark Dilution in Violation of 15 U.S.C. § 1125(c)
### (Against All Defendants)

66. The allegations set forth in the preceding paragraphs are incorporated herein by reference as though set forth in full.

67. In advertising for the pickleball and golf tournaments, Defendants collectively used the branding and logo of the mark, "WEST COAST SYMPOSIUM," with the intent to engage with industry professionals.

68. Plaintiff had no involvement in the planning, organizing, construction, advertisement or execution of such plans; therefore, having no affiliation with such events.

69. Defendants' actions diluted the mark, "WEST COAST SYMPOSIUM," by tarnishment as such unlawful use of Plaintiff's trademark harmed the reputation of the conference.

70. As a direct and proximate result of Defendants' unauthorized use of Plaintiff's works, Plaintiff has suffered damages to its valuable copyrighted logos and branding, and other damages in an amount to be proved at trial.

71. Defendants have realized unjust profits, gains, and advantages as a proximate result of their infringement.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants and grant it the maximum relief allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendants as follows:

A.    Award Plaintiff treble damages based on its actual damages, together with any profits made by Defendants, which are attributable to the violations alleged herein, or the maximum amount of statutory damages allowed by law for each violation pursuant to 15 U.S.C. §§ 1051, *et. seq.*, 12 Pa. Cons. Stat. §§ 5301, and 17 U.S.C. §§ 501, *et seq.*, and

B.    Award Plaintiff its costs, attorney's fees, and investigative expenses pursuant to 17 U.S.C. §§ 501, *et seq.*; and

C.    For pre- and post-judgment interest on all damages, from the earlier date permitted by law at the maximum rate permitted by law; and

D.    For such additional relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

**MARGOLIS EDELSTEIN**

/s/    Michael R. Miller
Michael R. Miller (PA Bar # 306904)
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106
215-922-1100
mmiller@margolisedelstein.com
Alyssa Spadel (PA Bar # 336011)
aspadel@margolisedelstein.com
*Attorney for HMP Education, LLC*

Date: June 23, 2026.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HMP EDUCATION, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>WEBSERV PRO; HIGH PURPOSE RECOVERY, LLC; AND WREN GOOLSBY, *in his individual capacity*<br>.<br><br>*Defendants*. | **Civil Action**<br><br>**Case No.: 2:26-cv-4309** |

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 53.2(3)(C)

I, Michael R. Miller, Esquire, am a Partner in the law firm of Margolis Edelstein and represent Plaintiff in the above-captioned litigation. I hereby certify in accordance with Local Rule 53.2(3)(C) that the amount of damages sought by Plaintiff exceeds $150,000.00 exclusive of interest and costs.

**MARGOLIS EDELSTEIN**

/s/   Michael R. Miller
Michael R. Miller (PA Bar # 306904)
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106
215-922-1100
mmiller@margolisedelstein.com
Alyssa Spadel (PA Bar # 336011)
aspadel@margolisedelstein.com
*Attorney for HMP Education, LLC*

Date: June 23, 2026